IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**KENNETH L. ROSS**,

Plaintiff,

v.

**MICHELLE BENSON, JOHNNY
BENSON**, and **DOUG JUSTICE**,

Defendants.

No. 3:19-cv-00111-MO

ORDER OF DISMISSAL

MOSMAN, J.,

This case comes before me on Plaintiff Kenneth Ross's Complaint [1], and Motion for

Appointment of Counsel [3]. I previously granted Mr. Ross's Application for Leave to Proceed

In Forma Pauperis [2]. For the reasons stated below, the Complaint [1] is DISMISSED without

service and with leave to amend within thirty (30) days of this Order.

## STANDARD OF REVIEW

Federal law allows courts to authorize the commencement of an action "without

prepayment of fees or security therefor, by a person who submits an affidavit that includes a

statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or

give security therefor." 28 U.S.C. § 1915(a). But section 1915(e) requires the dismissal of an

action if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune to such relief. § 1915(e)(2)(B). Section

1915(e) applies to all persons applying for IFP status, not only prisoners. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

To determine if a complaint states a claim upon which relief may be granted, courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, a complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kernel*, 404 U.S. 519, 520–21 (1972). The court should construe pleadings by pro se plaintiffs liberally and give them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Mr. Ross alleges that Defendants implanted a device on him that has invaded his privacy and caused him mental anguish. Mr. Ross does not, however, plausibly claim that Defendants are responsible for these injuries. The Complaint states that Defendant Michelle Benson "somehow put this on me," and that Defendants Johnny Benson and Doug Justice were also involved in some unspecified way. These allegations are not enough to allow me to "draw the

reasonable inference that [Defendants are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Mr. Ross must provide the facts that, when taken as true, allow a court to infer that Defendants are responsible for his alleged injuries. Alleging liability based on Defendants' unknown and unspecified actions does not "raise a right to belief above the speculative level." *Twombly*, 550 U.S. at 545.

## CONCLUSION

For the reasons stated above, and under the authority of 28 U.S.C. § 1915(e)(2)(B), Plaintiff's Complaint [1] is DISMISSED without service and with leave to amend. Plaintiff has thirty (30) days in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's Motion for Appointment of Counsel [3] until Plaintiff files an amended complaint or the time for doing so has expired.

DATED this 25 day of February, 2019.

Michael W. Mosman
Chief United States District Judge